### BROOMFIELD v. LEHMAN.

(Circuit Court of Appeals, First Circuit.　June 24, 1914.)

No. 1064.

BANKRUPTCY (§ 414*)—DISCHARGE—GROUNDS FOR REFUSAL—GIVING FALSE TESTIMONY.

An order denying discharge to a bankrupt on the ground that he intentionally refused to answer material questions on his examination *held* sustained by the evidence.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 720–722; Dec. Dig. § 414.*]

Appeal from the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Jr., Judge.

In the matter of Philip Broomfield, bankrupt. Appeal by the bankrupt from an order refusing a discharge on objections of Isaac Lehman, creditor. Affirmed.

Charles S. Hill, of Boston, Mass., for appellant.
Martin Witte, of Boston, Mass, for appellee.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

DODGE, Circuit Judge. Broomfield, a voluntary bankrupt in the District Court under a petition filed August 23, 1912, appeals from a judgment refusing him a discharge, entered April 14, 1913. The specifications of objection by Lehman, the objecting creditor and appellee, having been referred for ascertainment and report of the facts, the referee reported that the evidence did not sustain the specifications. The District Court, however, did not accept this conclusion, and found on the evidence submitted to the referee that the bankrupt had made intentionally false answers while under examination

Broomfield and one Hershman, as partners, had previously been adjudged bankrupt in the same court in January, 1909, and the proceedings had resulted in a composition; the creditors accepting composition notes for part of their claims. This was confirmed in July, 1910. In his present bankruptcy most of the claims scheduled by Broomfield were scheduled as "notes in composition," and as contracted in 1910,

at Boston. In addition to these, he scheduled 15 other claims. As to 14 of them, the nature and consideration of the debt was given as "Acct." or "Account." The remaining claim was stated to be "Claim for services"; and all these claims were scheduled as contracted in 1910, at Boston. The total amount of these claims was $4721.61.

The bankrupt undertook to say, while under examination, as to 6 of the 15 claims referred to, amounting in all to $4,150, that they antedated his former petition; but they did not appear in his former schedules, and he gave no satisfactory reason for their omission. The largest in amount was for $1,500, scheduled as due the Westinghouse Machine Company. This, he said, was "for a bill from 1905 or 1906 that was not put in the first schedule." Being asked why it was not put into that schedule, the only answer he gave was, "I don't know." His answer was the same to a question why he did not state in his present schedule that Hershman was jointly liable with him for the bill. As to this claim also, and as to others of the six claims referred to, when he was asked why he swore in his present schedule that they were contracted in 1910, his only answers were that this was "as good as he could remember" at the time he made the schedule.

Broomfield was interrogated as to his dealings subsequent to his former adjudication and before he filed his present petition. He testified that between 1908 and 1910 he used to peddle in metals and used to go to various factories to see if they would have anything to sell. To repeated inquiries as to the names of these concerns, and what his transactions with them were, no better answer than "I don't remember" could be obtained from him. It appeared that in 1911 his wife had settled claims against him by the General Electric Company for $27,-500; but in answer to questions seeking to ascertain what these claims were, or what the transactions on which they were founded, he would say nothing more than "I don't remember."

There is nothing in the record enabling us to say that the six claims referred to did in fact antedate his former bankruptcy. As he has twice failed so to schedule them, the presumption is that they did not. The inquiries regarding his dealings since his composition and regarding the settlement made by his wife were therefore material and important. We are unable to hold, from the record before us, that the District Court was wrong in finding that he could not have been honestly incapable of remembering the facts regarding those dealings, or regarding his transactions with the General Electric Company. We must therefore affirm the judgment appealed from.

The judgment of the District Court is affirmed, and the appellee recovers his costs of appeal.